NOT DESIGNATED FOR PUBLICATION

No. 113,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Equalization Appeal of KRUEGER, KAREN for the Year 2013 in
WOODSON COUNTY, KANSAS.

MEMORANDUM OPINION

Appeal from the Board of Tax Appeals. Opinion filed November 20, 2015. Affirmed.

*Karen Krueger*, for appellant pro se.

*Susan L. Mauch*, of Cosgrove, Webb & Oman, of Topeka, for appellee.

Before ARNOLD-BURGER, P.J., ATCHESON, J., and WALKER, S.J.

*Per Curiam*:  The County appraiser in Woodson County, Kansas, valued Karen Krueger's home at $66,500 for the 2013 tax year. Krueger objected to the appraisal and argued it was too high, but a small claims hearing officer and then the Board of Tax Appeals (BOTA) upheld the County's valuation. Krueger petitioned for review to this court, arguing both that the valuation is incorrect and that BOTA incorrectly applied a rollover statute. Because we find that when we view the record as a whole there was substantial evidence to support BOTA's decision and BOTA properly applied the law, we affirm.

FACTUAL AND PROCEDURAL HISTORY

This appeal constitutes Krueger's latest challenge to the valuation of a home she owned in Yates Center, Kansas. Other opinions of this court have discussed this property

1

at length, but as a brief overview: Krueger purchased the home from her father and brother in 1991. Shortly after purchase, she began a long-term restoration project that lasted almost two decades. In response to the renovations, the County increased the house's tax valuation. Krueger challenged many of the County's valuation determinations before what is now BOTA and this court. See *Krueger v. Board of Woodson County Comm'rs*, 31 Kan. App. 2d 698, 71 P.3d 1167 (2003) (*Krueger I*), *aff'd* 277 Kan. 486, 85 P.3d 686 (2004); *In re Equalization Appeal of Krueger*, No. 111,216, 2014 WL 4627619 (Kan. App. 2014) (unpublished opinion) (*Krueger VI*), *rev. denied* 302 Kan. ___ (2015); *In re Equalization Appeal of Krueger*, No. 109,829, 2014 WL 1096904 (Kan. App. 2014) (unpublished opinion) (*Krueger V*), *rev. denied* 301 Kan. ___ (2015); *In re Equalization Appeal of Krueger*, No. 108,452, 2013 WL 4046463, at *1 (Kan. App. 2013) (unpublished opinion) (*Krueger IV*), *rev. denied* 299 Kan. 1269 (2014); *In re Equalization Appeal of Krueger*, No. 105,775, 2012 WL 3822600 (Kan. App. 2012) (unpublished opinion) (*Krueger III*), *rev. denied* 297 Kan. 1245 (2013); *Krueger v. Board of Woodson County Comm'rs*, No. 93,361, 2005 WL 2495864 (Kan. App. 2005) (unpublished opinion) (*Krueger II*), *rev. denied* 280 Kan. 983 (2006). Many of these appeals have concerned in part certain ratings assigned by the County, which Krueger has frequently characterized as too high. See *Krueger VI*, 2014 WL 4627619, at *2-5; *Krueger V*, 2014 WL 1096904, at *1; *Krueger IV*, 2013 WL 4046463, at *6-8.

In 2013, the County again assigned a value to Krueger's home, this time in the amount of $66,500. The County based this figure on the condition of the house compared to others like it and the previous years' valuations. And like in previous years, Krueger objected. She argued that the appeals process had lowered previous valuations and that the overall condition of the house required a lower figure. The small claims hearing officer handling the case upheld the County's valuation.

Unsatisfied by this result, Krueger appealed to BOTA. In her prehearing brief, she focused primarily on the homes that the County compared to hers when calculating the

2

valuation. She outlined the history of valuation disputes with the County and reiterated her long-standing position that the County had improperly inflated her home's condition, desirability, and utility (CDU) and construction grade ratings over those of other comparable homes. However, she only requested the physical condition rating be changed, suggesting a rating of "Average" instead of "Good." Otherwise, Krueger simply requested that BOTA value her home at $52,000. In a supplemental brief, Krueger added that she believed the CDU rating of "Good" to be "'out of line'" and unwarranted.

BOTA scheduled and began a hearing on this matter on May 2014. However, due to some confusion about the County's exhibits, the hearing was continued until July 2014. Both times, County appraiser Jerry Mentzer testified concerning the 2013 valuation of Krueger's home. Mentzer explained that the County originally arrived at a valuation of $80,650 by using a sales comparison approach. This approach looked at the sale value of five comparable homes, adjusted those sales, removed the highest and lowest values, and averaged the remaining three for a final number. But because, at least as far as Mentzer understood, BOTA had previously valued Krueger's home at $66,500, he ultimately applied that number rather than the newer, higher value.

We pause here to note that the County's valuation of the property in 2012 was $66,500, but because the 2011 valuation had been reduced on appeal to BOTA to $56,900, the rollover statute required that the assessed valuation remain the same in 2012. See K.S.A. 2013 Supp. 79-1460(a); *Krueger IV*, 2013 WL 4046463, at *3. Krueger did not challenge her 2012 assessed value of $56,900. Instead, she unsuccessfully challenge the application of the CDU and construction grade ratings prospectively. See *Krueger V*, 2014 WL 1096904, at *1.

In terms of the CDU grade, Mentzer explained that the County set the rating at "Good" because of the extensive remodeling, which placed the 1900s-era house "in

beautiful condition." Mentzer also testified that Krueger provided him no documents that supported her suggested valuation.

In cross-examining Mentzer, Krueger focused mainly on recent changes to the house, which Mentzer testified included a roof line alteration and repairs to the porch. But Mentzer emphasized that a home's value is unaffected by simple maintenance such as replacing the roof, residing or repainting the exterior, or the removal of mold. However, Mentzer added that changing the type of siding—such as replacing wood siding with vinyl—would affect the value.

Regarding the value of the home, Mentzer expressed some confusion as to the previous court-ordered values and to the origin of the $66,500 figure. When asked about the comparable properties, Mentzer could not provide detailed descriptions of the remodeling to those homes. However, he noted that at least one had been partially rebuilt and remodeled after a fire.

Krueger called no witnesses and elected to rest on her pretrial brief and short arguments. Concerning the earlier valuation of the house, she noted that the final 2011 value for the home was $56,900 and that the 2012 value remained under review. She also pointed out that the CDU rating was an issue in the 2012 case. Regardless, she argued that the County failed to demonstrate that her home changed in such a way that would support an increase in value. Moreover, she stressed that Mentzer provided no justification for the construction grade and CDU ratings.

After the hearing, both the County and Krueger submitted written briefs. The County argued that because the valuation had been applied from a proposed valuation from the previous year, there was no new valuation for Krueger to challenge. Additionally, the County insisted that Krueger essentially submitted no evidence, thereby failing to demonstrate that the appraised value was incorrect. Krueger contended that the

4

evidence did not support the $66,500 figure and that testimony from earlier tax years contradicted Mentzer's most recent testimony. In fact, much of her brief focused on issues from previous tax years, such as the increase in CDU and construction grade ratings.

BOTA ultimately disagreed with Krueger and ruled that the value of the property was $66,500. Specifically, BOTA determined that the value was supported by adequate evidence from the County. It noted that the results from the cost and sales approaches appropriately indicated a higher value, but the County had actually decided to go with the much lower value that had been indicated by the same process in 2012. BOTA specifically determined that Krueger "offered no substantial credible market evidence in support of her opinion of value." Krueger moved for reconsideration, but BOTA denied her request.

Krueger timely petitioned for judicial review.

ANALYSIS

*BOTA's decision was supported by substantial evidence.*

Although Krueger separates her arguments concerning the County's appraisal into two discrete issues, the overarching challenge is really the same: whether the County's valuation is supported by substantial evidence. Krueger argues on appeal that the County's appraisal is unsupported by the evidence and that she is entitled to a valuation based on "appropriate ratings," as she still believes that the County inflated the CDU and other ratings.

Judicial review of BOTA rulings is governed by the Kansas Judicial Review Act. K.S.A. 2013 Supp. 77-621; *In re Equalization Appeal of Prieb Properties*, 47 Kan. App. 2d 122, 125, 275 P.3d 56 (2012). As applied to the instant case, this court must grant

relief if it determines that BOTA's "action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole," if BOTA improperly interpreted or applied the law, or if BOTA otherwise acted in an unreasonable, arbitrary, or capricious manner. K.S.A. 2013 Supp. 77-621(c)(4), (7), (8). On appeal, the burden of proving the action's invalidity is on the party asserting the invalidity. K.S.A. 2013 Supp. 77-621(a)(1).

When reviewing evidence in the light of the record as a whole, this court is not to reweigh evidence or engage in unlimited review. K.S.A. 2013 Supp. 77-621(d). Instead, this court must review evidence both supporting and detracting from the agency's findings, examine any credibility determinations made by the presiding officer who personally observed the witnesses, and review the agency's explanation as to why the record supports its findings. K.S.A. 2013 Supp. 77-621(d); *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). To uphold a decision, the evidence supporting it must be substantial, meaning that a reasonable person could accept it as being sufficient to support a conclusion. *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1114, 269 P.3d 876 (2012). Additionally, finding a lack of substantial evidence requires that the decision be "so wide of the mark as to be outside the realm of fair debate." *In re Equalization Appeal of Prieb Properties*, 47 Kan. App. 2d at 137.

As a preliminary matter, Krueger has objected to the current CDU and construction grade ratings in several appeals. When she challenged the ratings and value from 2010 tax year, this court reversed the case for reconsideration but upheld BOTA's decision on remand. See *Krueger VI*, 2014 WL 4627619, at *1-5. In that case, Krueger asked for the CDU rating to be lowered from "Good" to "Average," which both BOTA and this court each declined to do. 2014 WL 4627619, at *1-4. In fact, this court found specifically that Krueger provided little evidence other than her own opinion and photographs to support the rating change and that her arguments essentially asked the

6

court to reweigh the evidence. 2014 WL 4627619, at *4. In a challenge to the valuation for the 2011 tax year, this court again held that substantial evidence supported BOTA's determination. See *Krueger IV*, 2013 WL 4046463, at *6-8. There, the court recognized that "some of the evidence presented by Krueger tended to contradict [BOTA's] finding" regarding the ratings, especially in light of the comparable properties, but still upheld BOTA's determination. 2013 WL 4046463, at *8. And although Krueger accepted the County's 2012 valuation, she still argued that the County assigned inflated ratings to her property—ratings that this court declined to change on a prospective basis. *Krueger V*, 2014 WL 1096904, at *1.

Here, Krueger briefly raised the issue of the CDU and other ratings before BOTA. On appeal, she adds a large amount of nuance and detail to this argument that she failed to develop below. As this court often reiterates, issues and legal theories not raised before the trial court cannot be raised on appeal for the first time. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Regardless, it is clear that Krueger is challenging the same ratings as in previous tax years. See *Krueger IV*, 2013 WL 4046463, at *1; *Krueger III*, 2012 WL 3822600, at *1-2. A review of the record suggests that Krueger has again provided little evidence other than her own opinion and photographs to support the rating change and that her arguments essentially asked the court to reweigh the evidence—an argument this court has repeatedly rejected.

Moreover, substantial evidence in the light of the record as a whole clearly supports the County's determination. Mentzer explained how he arrived at the value of the home. Although his testimony was brief, he outlined the method he used and explained the rollover value. Krueger, in contrast, called no witnesses at the hearing and presented no testimony concerning the value of her home or the appropriate ratings. And as with previous appeals, although some of the exhibits submitted to BOTA suggest that a few of the comparable homes are of a different quality than her own, nothing suggests that they are so impossibly different that it renders either the ratings or overall adjusted

7

value incorrect. More importantly, nothing in Krueger's exhibits explains how she arrived at her suggested valuation of $52,000.

Meanwhile, Mentzer explained that the ratings were due to the extensive remodeling and the overall quality of the home. He testified that many of the problems Krueger highlighted—such as the need for a new roof—constituted maintenance needs and did not affect valuation. And while Mentzer failed to name the exact nature of the comparable homes' remodeling, he clearly explained that they, like Krueger's home, had been remodeled or rebuilt.

In short, and as BOTA pointed out, Krueger presented no evidence demonstrating why her proposed value is more accurate than that provided by the County. A reasonable person could certainly find the evidence presented by the County as sufficient to support BOTA's conclusion regarding the house's value.

As a final note, Krueger devotes a portion to her reply brief to discussing the sale of her Yates Center home. She argues that the home's $60,000 sale price further demonstrates that the County's valuation is inaccurate and invalid. But this contention is simply an attempt to undermine BOTA's determination with unverified information from outside the record. By Krueger's own account, the sale occurred in July 2015, after BOTA's decision. Therefore, this particular argument was never presented to BOTA, and as previously explained, this court cannot consider the argument on appeal for the first time. See *Wolfe Electric, Inc.*, 293 Kan. at 403. In sum, BOTA's decision regarding the value of Krueger's property for tax year 2013 is affirmed.

*BOTA did not misapply the rollover statute.*

Ancillary to her arguments regarding the value of her home, Krueger also argues that BOTA misapplied the rollover statute found in K.S.A. 2014 Supp. 79-1460(a). As

8

previously explained, this court may grant relief if BOTA misinterpreted or misapplied the law. K.S.A. 2013 Supp. 77-621(c)(7). Statutory interpretation is a question of law over which this court exercises unlimited review. *Milano's Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013). Important to this particular issue, a statute generally operates prospectively unless (1) the statutory language clearly indicates that the legislature intended the statute to operate retroactively, or (2) the change is procedural or remedial in nature. *State v. Todd*, 299 Kan. 263, 274, 323 P.3d 829 (2014).

The current version of the statute that Krueger insists BOTA misapplied, K.S.A. 2014 Supp. 79-1460(a) provides, in relevant part, that a property's annual valuation must be provided to the taxpayer by March 1 of the tax year. If that property had its value reduced through the appeals process, that reduced valuation is rolled over for the next 2 years. K.S.A. 2014 Supp. 79-1460(a)(2). The appraisal can only be increased from that rollover value if certain documentation demonstrates substantial and compelling reasons for the change. K.S.A. 2014 Supp. 79-1640(a).

Krueger argues that because her BOTA appeal took place after the effective date of this statute, which was July 1, 2014, BOTA needed to apply the 2-year rollover rule to the 2013 tax year and rollover the final determination from the 2011 tax year. But this statute applies to the value of property as supplied by the County, not as determined by BOTA. K.S.A. 2014 Supp. 79-1460(a). On March 1, 2013, which is the tax year at issue in this case, the statute Krueger now relies on did not yet exist. And the version of the statute in effect at the time that the County appraised her property in the 2013 tax year, K.S.A. 2013 Supp. 79-1460(a)(2), provided for a 1-year rollover period. Additionally, nothing in the 2014 version of the statute supports Krueger's theory of retroactive application, and indeed, Krueger fails to present an argument on this point. Instead, she simply insists that because her case was still pending when the 2014 version of the statute went into effect, the 2014 statute must apply. Under these circumstances, rolling over the final determination from the 2011 tax year is clearly inappropriate.

BOTA appropriately declined to apply a 2-year rollover period as the statute in effect when the County set its valuation required only a 1-year rollover period. Krueger raises no other arguments concerning the appropriateness of rolling over the appraised value from the 2012 tax year.

Affirmed.